Filed
File Date: 1/3/2025 2:30 PM
Rockingham Superior Court
E-Filed Document

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### http://www.courts.state.nh.us

**EXHIBIT**

**1**

Court Name: Rockingham - Superior Court

Case Name: Christopher Beres v. RELX, Inc. d/b/a LexisNexis USA, et al.

Case Number: _____
(if known)

## COMPLAINT

Requested: ☒ Jury Trial (as allowed by law)   ☐ Bench Trial

1. Plaintiff's Name Christopher Beres

   Residence Address 1600 Sarno Road Ste. 1, Melbourne, FL 32935

   Mailing Address (if different) _____

   Telephone Number (Home) (321) 339-9301 _____ (Mobile) _____

2. Defendant's Name RELX, Inc. d/b/a LexisNexis USA

   Residence Address Ct Corporation System, 2 1/2 Beacon Street, Concord, NH 03301

   Mailing Address (if different) _____
   
   [See Attachment(s), item 'Additional Defendants(s)']

3. First thing that happened (in one sentence):

   Claim amount: $10,000,000.00. Defendants defamed and committed IIED against me in
   five defamatory statements contained in three articles in Law360.

4. Second thing that happened (in one sentence):

   See attached complaint.

5. Third thing that happened (in one sentence):

Continue on using separately numbered paragraphs (attach additional sheets if necessary).

TurboCourt.com Form Set #10866735

**Case Name:** Christopher Beres v. RELX, Inc. d/b/a LexisNexis USA, et al.

**Case Number:** _____

**COMPLAINT** _____

For the reasons stated in this Complaint, I request that the Court issue the following orders:

A. Describe the orders you want the Court to make:

An award of general, special, and punitive damages within the jurisdictional limits

of the Court

Attorneys' fees

B. All other relief the Court deems fair and just. [See Attachment(s), 'Item A' (continued)]

| | |
|---|---|
| Christopher Beres | /s/ Christopher Beres                1/3/25 |
| **Name of Filer** | **Signature of Filer**                **Date** |
| | (321) 339-9301 |
| | |
| Law Firm, if applicable        Bar ID # of attorney | **Telephone** |
| | bereschristopherteny@gmail.com |
| 1600 Sarno Road Ste. 1 | **E-mail** |
| **Address** | |
| Melbourne, FL 32935 | |
| **City**        **State**        **Zip code** | |

TurboCourt.com Form Set #10866735

Attachment Page __1__ (of __1__ )

To Complaint _____

---

**Additional Defendants(s)**
Defendant #1
Officer or Authorized Agent: Ct Corporation

Defendant #2
Name: Portfolio Media, Inc.
Business Address:  Ct Corporation System, 2 1/2 Beacon Street, Concord, NH
03301
Officer or Authorized Agent: Ct Corporation

**Item A (continued)**
An award of all interest and costs in connection with this matter

Such other and further relief that this Court deems just, equitable, and
proper.

---

If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.

Filed
File Date: 1/3/2025 2:30 PM
Rockingham Superior Court
E-Filed Document

## STATE OF NEW HAMPSHIRE

**ROCKINGHAM**                                                                **SUPERIOR COURT**

Christopher Beres

v.

RELX, Inc. d/b/a LexisNexis
and
Portfolio Media, Inc.

Docket No.

### COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff Christopher Beres ("Plaintiff") with complaint against

Defendants RELX, Inc. d/b/a LexisNexis ("RELX") and Portfolio Media, Inc. ("PMI" and

together with RELX, "Defendants") and shows the Court the following:

### INTRODUCTION

1. This is a defamation and IIED case based on Defendants' false and defamatory

articles in Law360. Exhibit A.

### PARTIES

2. Plaintiff is an attorney and consultant doing business around the country

including in New Hampshire.

3. Defendant RELX is a Delaware corporation doing business in New Hampshire

registered with the New Hampshire Department of State, with addresses at 8 Industrial

Way, Salem, New Hampshire and 361 Hanover St Portsmouth, New Hampshire 03801-

3959. Its registered agent is CT Corporation System, 2 1/2 Beacon Street, Concord,

NH, 03301–4447. RELX is the owner and publisher of "Law360".

1

4. Defendant PMI is a New York corporation doing business in New Hampshire registered with the New Hampshire Department of State, with its registered agent at CT Corporation System, 2 1/2 Beacon Street, Concord, NH, 03301–4447. It is the publishing division of RELX for "Law360".

5. The events which gave rise to this Complaint occurred in Rockingham County and as such Rockingham Superior Court is the proper venue for this action.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action pursuant to N.H. R.S.A. 491:7.

7. The Court has personal jurisdiction over Defendants because they committed tortious acts in New Hampshire and do business in New Hampshire, thereby availing itself of New Hampshire law and the benefit of conducting activities within the forum state. LexisNexis offers Law360, a legal news and analysis service. It has thousands of subscribers throughout New Hampshire. It advertises that: "Users with both a Lexis subscription and an unlimited-seat Law360 subscription can access Law360 news content in Lexis." LexisNexis is the official publisher of the New Hampshire Reports, which contain opinions decided by the Supreme Court of New Hampshire. It also publishes New Hampshire Legal Insights Blog, New Hampshire Revised Statutes, Annotated New Hampshire Court Rules, Annotated Practical Guidance New Hampshire Authors, and New Hampshire Reports Current Case Service. Law360 publishes "New Hampshire: Articles" including recently 215 articles. Defendants publish and sell

2

content about New Hampshire law and have reporters covering cases in the New Hampshire courts.

8. Further, New Hampshire has a strong interest in this litigation; having the case heard in New Hampshire provides Plaintiff an effective and convenient forum to obtain relief; and the acts of the multiple defendants are intertwined, such that interstate judicial efficiency is served by avoiding multiple lawsuits.

9. Venue is proper in this Court pursuant to N.H. R.S.A. 507:9 because Defendants have offices in Rockingham County.

## FACTUAL BACKGROUND

10. Plaintiff is an international expert who does business in New Hampshire. He received a law degree from Capital University and an M.A. in Oriental Studies from the University of Pennsylvania. He is a member in good standing of the Bars of Connecticut, the District of Columbia, Florida, and New York for over 20 years.

11. In late 2021, 2022, and 2023, Defendants published five defamatory statements in three libelous articles about Plaintiff.

12. Defendants made a series of false and defamatory statements which were made to third parties, including readers in New Hampshire, since they are and were available on the worldwide web.

13. Specifically, Defendants made false and defamatory statements that Plaintiff tried to extort Toyota Motor Corporation ("Toyota") and its law firm Wilmer, Cutler, Pickering Hale and Dorr LLP ("Wilmer Hale") because he sent Toyota's chairman Akio Toyoda what a federal judge, Hon Lewis J. Liman, called "a routine demand letter and

3

it's not an extortion" on April 7, 2020. Defendants repeatedly lied about the contents of

Plaintiff's demand letter to Toyota that he demanded payment of $450,000 (since

extortion requires a specific money demand) and threatened to disclose Toyota's

privileged and confidential information if he did not receive it. Extortion is a crime in

New York. Neither Plaintiff nor his client were ever sued for extortion. However,

Defendants continued to lie about Plaintiff's letter to Toyota, to state or infer that he was

part of an extortion scheme, and to refer to the case as "the Extortion Case" and "the

Blackmail Case".

14. Plaintiff's actual letter to Toyota, which does not contain any of the contents

Defendants have claimed that it does for years and years on end, is attached as Exhibit

B.

## Defamatory Statements

"Ex-WilmerHale Temp Moves To DQ Judge In Employment Case"
December 20, 2021

### Statement 1

15. The first written statement at issue is: "A former WilmerHale document

reviewer said U.S. District Judge Lewis J. Liman should be disqualified from overseeing

a Southern District of New York suit that accuses him of extorting his former law firm

because of the judge's alleged previous employment there."

16. It should be noted that no one in the world except for Defendants ever

accused Plaintiff or his client "of extorting his former law firm" (Wilmer Hale).

4

### "Agency Pans Ex-Wilmer Hale Temp's DQ Bid In Extortion Case"
### January 4, 2022

#### *Statement 2*

17. The second written statement at issue is: "Agency Pans Ex-WilmerHale

Temp's DQ Bid In Extortion Case."

#### *Statement 3*

18. The third written statement at issue is: "HC2 sued Delaney, who'd worked on

a Toyota matter as a Thai language reviewer for WilmerHale via a staffing agency, for

allegedly trying to extort $450,000 from the company, WilmerHale and the car maker,

and for allegedly revealing Toyota's sensitive company information in a Florida lawsuit

after they failed to pay up."

### "Court Rejects Recusal Bid In WilmerHale Extortion Suit"
### January 6, 2022

#### *Statement 4*
19. The fourth written statement at issue is: "Court Rejects Recusal Bid in

WilmerHale Extortion Suit."

#### *Statement 5*

20. The fifth written statement at issue is: "A New York federal district court said

Thursday that it would not recuse itself in a suit against a former WilmerHale document

reviewer that accuses him of extorting the law firm...."

5

**The Damaging Effects of Defendants' Defamatory Statements**

21. Defendants' defamatory statements caused Plaintiff financial damages and the loss of income.

22. Plaintiff's professional reputation and practice have been irreparably harmed by Law360's false articles and Defendants' propagation of lies about him in New Hampshire and around the world.

23. Defendants' defamation also caused Plaintiff to suffer from emotional distress.

**COUNT I – DEFAMATION**

24. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if they were set forth herein.

25. All of the statements contain asserted statements of fact.

26. All of the statements concerned Plaintiff, who is a private party.

27. The asserted statements of fact, including those set forth above, were false.

28. Plaintiff has never done any of the acts implied by Defendants.

29. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages and economic losses in amounts that will be established at trial, as the third parties that the defamatory statements were published to were caused to have lower esteem for Plaintiff as a result of these statements.

30. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer extreme mental anguish and emotional distress.

**COUNT II – DEFAMATION PER SE**

31. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if they were set forth herein.

32. Defendants' statements about Plaintiff were defamation per se under New Hampshire law because 1) they falsely accused Plaintiff of a crime and 2) the statements injured Plaintiff in his trade, business, or profession. Plaintiff is a lawyer.

33. Since Defendants' statements fall within these two categories, Plaintiff does not need to prove damages specifically and can permit a jury to presume damages exist and allege that they occurred generally.

## COUNT III – DEFAMATION BY INFERENCE

34. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if they were set forth herein.

35. In their articles, Defendants also defamed Plaintiff by inference. This type of defamation is specifically recognized in New Hampshire.

36. Defendants inferred that Plaintiff was unethical and a criminal. They accused him of extortion by inference by lying about the contents of his April 7, 2020 letter to Akio Toyoda and otherwise.

37. As a result, Plaintiff has suffered damages and extreme mental anguish and emotional distress that he will prove at trial.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

7

38. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if they were set forth herein.

39. Defendants engaged in intentional infliction of emotional distress against Plaintiff by: (1) extreme and outrageous conduct, (2) intentionally or recklessly causing Plaintiff severe emotional distress and (3) serious mental and emotional harm accompanied by objective physical symptoms.

40. As a result of Defendants' tortious conduct, Plaintiff has suffered severe emotional distress, including fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, and worry.

41. Defendants' conduct caused Plaintiff to require medical care for high blood pressure and other serious medical conditions.

WHEREFORE, Plaintiff respectfully requests:

A.    An award of general, special, and punitive damages within the jurisdictional limits of the Court;

B.    Attorneys' fees;

C.    An award of all interest and costs in connection with this matter; and

D.    Such other and further relief that this Court deems just, equitable, and proper.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Dated:  January 3, 2025                    Respectfully submitted:
                                           /s/Christopher Beres
                                           Christopher Beres
                                           Plaintiff

8

1600 Sarno Road Ste. 1
Melbourne, Florida 32935
(321) 339-9301
Bereschristopherteny@gmail.com

## CERTIFICATION

I certify that a copy of Plaintiff's Complaint and Demand for a Jury Trial as

approved by this Court has on this _____, 2024 been forwarded to Defendants

as listed on the attached service list.

/s/Christopher Beres

## SERVICE LIST

RELX, Inc. d/b/a LexisNexis USA
CT Corporation System
2 1/2 Beacon Street
Concord, NH, 03301–4447

Portfolio Media, Inc.
CT Corporation System
2 1/2 Beacon Street
Concord, NH, 03301–4447

9

EXHIBIT A

# LAW360®

**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Ex-WilmerHale Temp Moves To DQ Judge In Employment Case

By **Jack Rodgers**

Law360 (December 20, 2021, 3:48 PM EST) -- A former WilmerHale document reviewer said U.S. District Judge Lewis J. Liman should be disqualified from overseeing a Southern District of New York suit that accuses him of extorting his former law firm because of the judge's alleged previous employment there.

Andrew Delaney, who worked as a Thai language document reviewer for WilmerHale through staffing agency HC2 or Hire Counsel, said in a motion to recuse Judge Liman Monday that his alleged former work as a WilmerHale partner was a conflict of interest.

Judge Liman's relationships with two current WilmerHale partners, Jay Holtmeier and Jamie Gorelick, contributed to "rulings against Delaney without regard to the case law or applicable legal standards," and were further evidence of Judge Liman's bias, according to that motion.

"This case should never have been filed in this court in the first place and has been dragging out unlawfully for 20 months despite there being no jurisdiction," Delaney said in the motion. "This is due to Judge Liman's neglect of his duty as an Article III officer."

Hire Counsel **sued** Delaney in April, saying he was threatening to expose proprietary information about WilmerHale's review of Toyota's sensitive documents.

But Delaney said in his Monday filing that Judge Liman's bias as a former WilmerHale partner resulted in the dismissal of his $20 million **counterclaim** against the agency for whistleblower retaliation and a number of other infractions in response to his assertion that the firm was sidestepping COVID-19 protections and regulations. Judge Liman's bias had resulted in his dismissal of those claims, Delaney said.

"Secondly, recusal is warranted due to Judge Liman's opinion that HC2's false allegations against Delaney 'have to be accepted as true' and were 'serious,' whereas all of his truthful claims against HC2 were 'speculative,'" Delaney said in the motion.

While Delaney had reported the firm's employees were coming to work with flu-like symptoms and failed to take proper precautions to not spread disease, Judge Liman had ruled in dismissing those counterclaims that Delaney shouldn't have been given additional whistleblower protection from termination because of superficial issues with his language, the motion said.

"Thus, according to Judge Liman, Delaney's report was not valid because he used the words 'flu-like symptoms' and not 'acute respiratory illnesses' and when he complained about workers coughing and sneezing that Delaney did not state that they 'failed to cover their noses and mouths with a tissue,'" Delaney said in the motion. "This is manipulative semantics calculated to dismiss all of Delaney's counterclaims."

In an email to Law360 on Monday, Delaney said the suit "is and was a fraud on the court."

"There is no subject matter jurisdiction and no diversity," he said. "The case should have been dismissed a year ago."

Michael Nacchio, an Ogletree Deakins Nash Smoak & Stewart PC attorney who represents HC2, did

not respond to a request for comment Monday.

HC2 is represented by Michael Nacchio and Valerie Weiss of Ogletree Deakins Nash Smoak & Stewart PC.

Andrew Delaney represents himself.

The case is HC2 Inc. v. Delaney, case number 1:30-cv-03178, in the U.S. District Court for the Southern District of New York.

--Additional reporting by Frank G. Runyeon. Editing by Gemma Horowitz.

---

All Content © 2003-2021, Portfolio Media, Inc.



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Agency Pans Ex-WilmerHale Temp's DQ Bid In Extortion Case

**By Andrew Strickler**

Law360 (January 4, 2022, 4:39 PM EST) -- The "latest fantasy" of a onetime WilmerHale document reviewer seeking to remove the New York federal judge overseeing an extortion case against him should be rejected, staffing agency HC2 told the court Monday.

Answering a recusal request from Andrew Delaney, the company urged the court to reject his claims that U.S. District Judge Lewis J. Liman was biased because of his long-ago employment at WilmerHale, saying the request was rife with "facial absurdity" and legal defects.

The company argued that Delaney lost standing in the case when he was substituted out for the trustee of his bankruptcy estate three months ago.

Moreover, Delaney's conspiracy-heavy motion that the court's decision to toss his counterclaims more than a year ago was the product of judicial bias ignores the "numerous pleading defects" the judge cited in his decision.

And since the judge's former connection to WilmerHale wasn't raised over the case's nearly two-year duration, Delaney's request simply came too late, the company said.

Delaney's suggestion that Judge Liman's long-ago job at a WilmerHale predecessor firm "somehow makes the court biased or part of a vast conspiracy theory ... is absurd, unsupported, and should be rejected out of hand," the filing states.

HC2 sued Delaney, who'd worked on a Toyota matter as a Thai language reviewer for WilmerHale via a staffing agency, for allegedly trying to extort $450,000 from the company, WilmerHale and the car maker, and for allegedly revealing Toyota's sensitive company information in a Florida lawsuit after they failed to pay up.

Delaney then sought $20 million in damages on nine counterclaims against the agency, including those for fraud and whistleblower retaliation.

The court granted HC2's initial motion to **dismiss** Delaney's claims without prejudice in July 2020, and later that year threw out his amended counterclaims with prejudice.

The case was later stayed after HC2 notified the court that Delaney had filed a Chapter 7 petition in New York. In October, a bankruptcy judge approved a settlement between the trustee of Delaney's estate and HC2 that released Delaney's already-dismissed counterclaims.

Judge Liman then ordered the substitution of the trustee as defendant, a decision Delaney has already indicated he will appeal.

In recent weeks, Delaney was back in court with a **disqualification motion** in which he argued that Judge Liman had undisclosed conflicts of interest as a former WilmerHale partner that led to "constant bias and rulings" against him.

Delaney, who is representing himself, did not reply to a request for comment. Michael Nacchio of Ogletree Deakins Nash Smoak & Stewart PC, who represents HC2, also did not respond to a message.

HC2 is represented by Michael Nacchio and Valerie Weiss of Ogletree Deakins Nash Smoak & Stewart PC.

Andrew Delaney is representing himself.

The case is HC2 Inc. v. Delaney, case number 1:30-cv-03178, in the U.S. District Court for the Southern District of New York.

--Additional reporting by Jack Rogers and Frank G. Runyeon. Editing by Adam LoBelia.

All Content © 2003-2022, Portfolio Media, Inc.



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Court Rejects Recusal Bid In WilmerHale Extortion Suit

**By Matt Perez**

Law360 (January 6, 2022, 4:54 PM EST) -- A New York federal district court said Thursday that it would not recuse itself in a suit against a former WilmerHale document reviewer that accuses him of extorting the law firm, despite his argument that U.S. District Judge Lewis J. Liman should be disqualified because of his previous employment there.

The U.S. District Court for the Southern District of New York determined that Andrew Delaney, who filed for Chapter 7 bankruptcy last fall, had no standing to invoke the recusal statute given that he was replaced as defendant in the bankruptcy case by the trustee in November.

Delaney **was sued by H2C,** the staffing agency that had hired him to review documents for WilmerHale, in April 2020. Delaney, who'd worked on a Toyota matter as a Thai- language reviewer for WilmerHale, was accused of trying to extort $450,000 from the agency, WilmerHale and the carmaker, and of revealing Toyota's sensitive company information in a Florida lawsuit after they failed to pay up.

Delaney later sought $20 million in damages on nine counterclaims including fraud and whistleblower retaliation, but the court eventually dismissed his amended counterclaims with prejudice. Some time after Delaney sought Chapter 7 bankruptcy, the trustee, Gregory Messer, reached a settlement with H2C, known as Hire Counsel, that dismissed all of Delaney's counterclaims.

"With the substitution of the Chapter 7 trustee, Delaney was terminated as a party to this action," the court wrote Thursday.

The court also denied what it called his "meritless" arguments explaining why the court's judges, specifically Judge Liman, should recuse themselves from the suit following the denial of several of Delaney's counterclaims.

The court found that an "objective, informed observer" could not question the court's impartiality due to Judge Liman's former employment at Wilmer Cutler & Pickering (now WilmerHale) nearly 20 years ago, given that the facts of the dispute emerged over a decade after that affiliation ended.

Further, the court denied Delaney's accusation that the court has an ongoing professional or personal relationship with WilmerHale partners Jay Holtmeier and Jamie Gorelick.

"Delaney points out that the court and Jay Holtmeier were both listed on the government's brief in United States v. Bayless, which was decided in 2000," Judge Liman wrote in the order. "That, in my prior capacity as an assistant United States attorney over two decades ago, I worked with Mr. Holtmeier on behalf of our common client — the United States government — is too remote to this case to raise the appearance of impropriety."

Finally, the court ruled that the **recusal motion filed last month** was untimely given that it came over a year and half after the start of the case and because Judge Liman's affiliation with the predecessor of WilmerHale had been public knowledge for two decades.

Delaney later sought $20 million in damages on nine counterclaims including fraud and whistleblower retaliation, but the court granted HC2's initial motion to dismiss the claims without prejudice in **July 2020** and later dismissed his amended counterclaims with prejudice.

The court on Thursday ordered HC2 and the defendant to file a joint letter by Feb. 18 stating the status of the bankruptcy matter, the automatic stay issued in relation to it and whether the stay should remain in place or not.

Delaney and Michael Nacchio of Ogletree Deakins Nash Smoak & Stewart PC, who represents HC2, did not immediately respond to a request for comment.

HC2 is represented by Michael Nacchio and Valerie Weiss of Ogletree Deakins Nash Smoak & Stewart PC.

Andrew Delaney is representing himself.

The case is HC2 Inc. v. Delaney, case number 1:30-cv-03178, in the U.S. District Court for the Southern District of New York.

-Additional reporting by Andrew Strickler. Editing by Karin Roberts.

All Content © 2003-2022, Portfolio Media, Inc.

EXHIBIT B

**The Law Office of Christopher T. Beres**
**1600 Sarno Road, No. 1**
**Melbourne, FL 32935**
**Tel. (321) 339-9301**
**christopherberes8@gmail.com**

*April 07, 2020*

████████

**Toyota Motor Corporation**
**1 Toyota-Cho**
**Toyota City**
**Aichi Prefecture 471-8571**
**Japan**
████████**@toyota.co.jp**

*Dear Mr.* ████████████████████ *:*

*I represent Andrew Delaney against Toyota.*

*You used Mr. Delaney to be a* ████ *language document reviewer to assist you with* ████████ ████████████████████████████████ *starting on September 30, 2019.*

*On March 17, 2020, you had Mr. Delaney illegally fired for raising concerns about unlawful and unsafe conditions in your workplace.*

*Prior to this date, you illegally disclosed Mr. Delaney's identity, involvement, and work-product to the other side.*

*At first, you did not inform him about the subject matter of the case which was* ████████████ ████████████████████████████████

*Toyota insisted on* ████████████████████████████████ ████████

*For Toyota,* ███████████████████████████ *but you had no right to drag Mr. Delaney into this.*

██████████████████████████████████████ *You have destroyed Mr. Delaney's residence and business and placed his life in grave danger.*

*After Mr. Delaney was a whistleblower and complained about* ██████████ *, you defamed him, made up lies about him, and threatened him.*

*I hereby grant you 7 days from the date of this letter to contact me with your offer to settle this case.*

*If you fail to contact me by this date, I will commence legal action against you without further notice.*

*Very truly yours,*

*Christopher T. Beres*

*Christopher T. Beres*