FILED - USDC -NH
2025 MAR 13 PM 1:57

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
-----------------------------------------------x
CHRISTOPHER BERES and
ANDREW DELANEY,

                       Plaintiffs,

against                                   Case No. 1:25-cv-00079

RELX, INC. D/B/A LEXISNEXIS USA
And PORTFOLIO MEDIA, INC.

                       Defendants.
-----------------------------------------------x

## REPLY IN OPPOSITION TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION TO SEVER PLAINTIFF DELANEY FROM THIS ACTION

1

The plaintiffs Christopher Beres and Andrew Delaney submit this reply in opposition to the defendants' opposition to the plaintiffs' motion to remand and cross-motion to sever Delaney dated March 11, 2025 and state as follows:

1. The defendants have defamed Beres, a lawyer, and Delaney, Beres' former client, in 30 articles which they continue to add to over the course of five years. They constantly accuse Beres and Delaney, both lawyers, of being criminals and being unethical in new and further retaliatory articles. The truth is that, up until the defendants' defamatory articles, Beres and Delaney were very reputable.

2. The defendants' counsels' opposition is full of false information. They state: "Plaintiffs have now filed seven versions of this meritless defamation action challenging a series of run-of-the-mill Law360 articles reporting on employment litigation in New York and Florida where Beres (a lawyer) represented Delaney (also a lawyer)." Doc. 8 ("Opp.") at 1. They assert that Beres filed a "duplicative" lawsuit against them in New Hampshire which is impossible because it *is* this lawsuit. How can it be duplicative of itself. They then state that Delaney sued them in Minnesota and then duplicatively sued them in New York when the truth is that the defendants forced Delaney to refile the case in New York after they insisted that New York was a more convenient forum. After Delaney refiled as they demanded and as the Minnesota court ordered, the defendants then moved to dismiss for lack of jurisdiction and "changed their story" that they did not "have an actual physical office in New York". They also claim that the lawsuits were the same when they were not.

3. The defendants' counsel flat-out lie about the Minnesota/New York case. They misrepresent to this Court those courts' holdings. Although it is really not relevant here, the judge in the Minnesota case, the Hon. Susan G. Robiner, found that the defendants' articles

2

appeared to defame Delaney and denied the defendants' motion to dismiss the case. *Delaney v. RELX, Inc.*, Case No. 27-CV-23-18222 (Minn. 2023) (Robiner, J.). As Judge Robiner held:

> The Court first turns to Statements 1–7. Statements 1–7 refer to the HC2 case as an "extortion" case. Defendants argue that this is a fair and accurate report because the HC2 complaint uses the term "extort" and the claims alleged in the complaint were that Plaintiff was threatening disclosure of private documents unless he received payment. Defs.' Initial Mem. at 19. Plaintiff argues this is not a fair report because he was not sued for extortion, which is a crime. *For the following reasons, the Court agrees with Plaintiff regarding statements 1–7.*
>
> Statements 1–7 were published in the First Article through the Fourth Article. These articles were published between December 20, 2021, and March 6, 2023. Each of these articles was about the HC2 Case. The HC2 complaint alleges Delaney "tr[ied] to coerce HC2, [WilmerHale] and [Toyota] to pay him hundreds of thousands of dollars by threatening to and publicly disclosing confidential and privileged information he obtained during his employment with HC2 as a contract attorney" and uses "extort" to refer to Plaintiff's behavior. Browning Decl. Ex. C, ¶¶ 1,31.
>
> *While statements from the Complaint were fair and accurate statements from a court proceeding referring to the Letter (sent from Delaney to Toyota) in the HC2 case as "extortion" is an incomplete report and an unfair abridgement.* Judge Liman's decision, which he read in open court, specifically stated that the Letter was not extortion, but a demand letter. This ruling was filed into the case on June 15, 2020, over a year before the First Article was published. A person sitting in the hearing or looking at the publicly available documentation from the case would have understood the HC2 case was not about extortion based on Judge Liman's statements.
>
> Defendants argue Judge Liman "recognized that HC2's Complaint could be described as alleging 'extortion.'" Defs.' Initial Mem. at 20 citing Browning Decl. Ex. F, at 15:10-16:3. The Court disagrees with this evaluation of Judge Liman's statements. Rather, it appears to this Court that Judge Liman was explaining that HC2 may later argue that Delaney disclosed confidential or privileged information to prove their stated claims-breach of contract and faithless servant.
>
> *Statements 1–7 are not privileged and Defendants' motion to dismiss based on statements 1–7 being privileged is DENIED.* However, this case is dismissed in its entirety based on forum non conveniens as discussed Supra at I.

Minn. Judgment at 17-18 (emphasis added). But the defendants successfully forced Delaney to refile the case in New York based on supposed "forum non conveniens". Now, the defendants' lawyers lie that it was Delaney who chose to sue them in New York and that this was "forum

shopping". Far from losing, the New York state judge, the Hon. Paul A. Goetz, also declined to dismiss Delaney's refiled claims for defamation for two of their statements that are not part of this case: "Here, reading the complaint in the light most favorable to plaintiff, the defendants have failed to establish that the statements are not 'of and concerning' plaintiff. The two statements in question do not directly name plaintiff, however plaintiff is named later in the article and when read in the context of the entire article, they do imply that the plaintiff is complicit with the alleged extortion referenced in the statements. The article states that 'Delaney hired Beres to send a letter to Toyota demanding to be paid $450,000 or they would initiate legal action and disclose confidential information (NYSCEF Doc No 6). The inclusion of the word 'extort' within statement 6 and 7 concern plaintiff because the implication is that plaintiff initiated the extortion scheme. Accordingly, the claims based on statements 6 and 7 will not be dismissed." *Delaney v. RELX, Inc. d/b/a LexisNexis USA et al.*, Index No. 154424/2024 (Sup. Ct., N.Y. County, 2024).[1]

4. But if Jack Browning, Esq.'s false affidavit is to be believed, "But three separate courts in Florida, Minnesota and New York have already dismissed those claims with prejudice ." Opp. at 1.

5. Beres was not part of either the original Minnesota case or the refiled case in New York. Bers sued the defendants in New Hampshire based on 11 defamatory statements. He also included claims for defamation per se, defamation by inference, intentional infliction of emotional distress, and civil conspiracy.

6. Capable of saying anything, the defendants' counsel now falsely states that: "Despite this warning, on January 3, 2025, Beres proceeded to file yet another defamation suit based on

---

[1] Justice Goetz's order sustaining Delaney's defamation claims also shows that the defamation against Beres and Delaney was related to both of them.

4

the same five non-actionable statements that had been dismissed three times before, this time in New Hampshire state court." *Id.* Beres did not receive a "warning" from any court because he was not a party to the Minnesota case or the refiled New York case.

7. The defendants claim: "there is no dispute that this Court has diversity jurisdiction over Beres based on those pleadings." *Id.* at 2. In fact, that is not true, because their removal papers fail to allege complete diversity of citizenship between all plaintiffs and all defendants. They only plead their own asserted citizenship and not Beres'. According to caselaw and 28 U.S.C. § 1332, to remove a case to federal court based on diversity jurisdiction, removal papers must allege "complete diversity", meaning every plaintiff must be a citizen of a different state than every defendant, and the amount in controversy must exceed $75,000. The moving defendants also failed to show that the amount in controversy exceeded $75,000.

8. The defendants' assertion that "The purpose of adding Delaney – who currently has another overlapping defamation action pending against Defendants in New York – was clearly to destroy diversity because, as Plaintiffs note, Delaney is a U.S. citizen domiciled abroad and thus not a proper party to a diversity action." is pure speculation. *Id.* The plaintiffs faced a strict deadline of 30 days to file a remand motion. 28 U.S. Code § 1447.

9. The defendants' opposition purports to quote the Minnesota judgment. But when Delaney sought to enforce and obtain judicial notice of the Minnesota judgment in the Florida courts, the defendants said the opposite of what they are saying here that the Minnesota case and the Florida case were completely different cases and had nothing to do with each other ("It [the Minnesota case] involved different issues that have no bearing on this appeal"). As a result, the Florida courts refused to recognize the "unrelated" Minnesota judgment.

10. The defendants' comments about the amended complaint that "They also pad out their

5

obviously deficient claims based on the Five Statements with frivolous defamation claims based on six newly introduced statements and introduce an equally frivolous civil conspiracy claim." *Id.* at 5. They concede that there are new defamatory statements and claims in the amended complaint. Whether or not they are frivolous is for the Court, not the defendants, to decide.

11. The federal courts allow for a complaint to be amended pre-answer. In federal court, the rule allowing a plaintiff to amend their complaint once as a matter of course, before an answer is served, is governed by Fed. R. Civ. P. Rule 15(a)(1). That is what the plaintiffs did. They are allowed to add parties, facts, and claims.

12. Fed. R. Civ. P. Rule 20 provides for permissive intervention. Rule 20 governs permissive joinder, allowing multiple parties to join a lawsuit as plaintiffs or defendants if their claims arise from the same transaction or occurrence and share common questions of law or fact. As shown in the plaintiffs' simultaneously filed response to the defendants' motion to sever Delaney from this action, Beres' and Delaney's claims clearly arise from the same transaction or occurrence and share common questions of law or fact. They are the same case.

13. The defendants then claim there will be "no prejudice" to Beres and Delaney because Beres was not a party to the Minnesota-New York case. That is mixing apples and oranges. Delaney's claims are the same as Beres'. Defendants merely state that "it is their strong preference to proceed in federal court against Beres only." *Id.* at 7. Obviously so, since they removed the case to federal court.

14. The defendants argue that Beres' citizenship, which they failed to plead, is based on his residence. *Id.* For the purpose of diversity jurisdiction in U.S. federal courts, a person's state citizenship is determined by their *domicile*. Beres did not have to plead his domicile in the complaint because he filed the case in state court. It was the defendants who failed to plead

6

complete diversity between all plaintiffs and all defendants in the first place. Regardless, it is academic because it is conceded by all parties that Delaney is stateless for diversity purposes.

15. The defendants argue that "Beres can continue with this action as a solo plaintiff (which is how he filed his original complaint) and Delaney can also proceed on his own in state court." *Id.* at 8. That is not due to "misjoinder" of Delaney but because the defendants' "strong preference to proceed in federal court against Beres only." That will result in two cases proceeding in federal and state court about the same transaction or occurrence and that share common questions of law or fact.

16. Moreover, the defendants do not provide any evidence for their assertion that Delaney is a "dispensable party". There is no analysis of the amended complaint or claims whatsoever. Effectively, the defendants have admitted that they are the same. They do not show one example of how the 11 statements in the amended complaint and the four claims do not apply to Delaney. All 11 statements expressly defame Delaney by name or as "the Ex-WilmerHale Temp".

17. Finally, the defendants absurdly state "It would serve the interests of judicial efficiency to allow Defendants to seek prompt dismissal of Beres' claims in one federal New Hampshire action while dealing with Delaney's claims in a separate New Hampshire state court action." *Id.* It is not "judicial efficiency" to have the same case proceed against related parties, a lawyer and his former client, in federal and state court at the same time. This also requires this Court to accept the defendants' arrogant assumption, supported by absolutely nothing, that they will win dismissal of Beres' case in this Court and dismissal of Delaney's claims in Rockingham Superior Court. The plaintiffs' do not share the defendants' optimistic appraisal of their chances of dismissing Beres' and Delaney's claims. They also fail to show why there would be a better chance of their obtaining a dismissal if there were two separate cases in federal and state court.

The answer could only be that Beres and Delaney are necessary parties and should be allowed to proceed with their amended complaint in Rockingham Superior Court. This is especially true where the defendants will argue that the defamatory statements are not "of and concerning" the named party but rather are "of and concerning" the unnamed party. The defendants are simply complaining that the plaintiffs have the right to amend their complaint, to add parties, and to add new allegations and claims under the federal rules.

WHEREFORE, the plaintiffs' motion to remand should be granted.

Dated: March 13, 2025

Respectfully submitted,
/s/Christopher Beres
Christopher Beres
Plaintiff
4 Center Street
Wolfeboro, NH 03894
(603) 200-8089
bereschristopherteny@gmail.com

/s/Andrew Delaney
Andrew Delaney
Sen. Gil Puyat Avenue
Makati Central No. 1057
Brgy. San Antonio
Makati City 1250
Republic of the Philippines
63-90-6049-3000
srview1@gmail.com



