UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Beres and
Andrew Delaney

      v.                               Case No. 25-cv-79-SM-AJ
                                         Opinion No. 2025 DNH 048

RELX, Inc., d/b/a
LEXIS NEXIS USA, and
Portfolio Media, Inc.

O R D E R

Plaintiffs Christopher Beres and Andrew Delaney bring defamation and related claims against RELX, Inc. and Portfolio Media, Inc. ("PMI"), arising from several published articles that refer to them.  They move to remand this case to the New Hampshire state courts after the original plaintiff, Beres, added Delaney as a plaintiff, which destroyed diversity jurisdiction.  Defendants now move to sever Delaney from the case and object to remand.  For the reasons that follow, defendants' motion to sever is granted, and plaintiffs' motion to remand is denied.

Background[1]

Andrew Delaney is a United States citizen who resides in the Philippines.  He was employed by a staffing agency, HC2, Inc., and in that capacity, Delaney worked as a temporary

---

[1] The background information is summarized from the record in this case, which includes decisions issued in other cases involving these same parties.

document reviewer at the law firm of Wilmer Cutler Pickering Hale and Dorr ("WilmerHale").  Delaney reviewed Thai language documents for a project undertaken on behalf of the firm's client, Toyota Motor Corporation.  Doc. no. 10-3, at 3.  After Toyota suspended the project (due to the COVID-19 pandemic), HC2 notified Delaney that he would not be paid while the project was suspended.  Id.

In response, Delaney, through Beres, who was acting as his legal counsel, sent a demand letter to Toyota, but Toyota did not respond.[2]  On April 15, 2020, Beres filed a lawsuit against Toyota on Delaney's behalf in Brevard County, Florida.  Delaney later dismissed the suit without prejudice.  Id.

HC2 filed suit against Delaney in federal court in the Southern District of New York, alleging breach of contract and other claims, arising from information about Toyota that Delaney

---

[2] Beres identifies himself as an attorney in the amended complaint, but he did not include a bar registration number or disclose an affiliation with a law firm in his signature block. Doc. no. 6.  When an attorney represents a party in this court, "[t]he attorney's name, address, primary telephone number, email address and New Hampshire bar number, or its equivalent in cases where the attorney is not a member of the New Hampshire bar, shall appear on all filings."  LR 5.1(b).  In lieu of representation by an attorney, individuals may represent themselves by appearing personally and "declaring their pro se status in their initial filing or in a notice of appearance." LR 83.6(b).  Pro se parties cannot represent other parties.  Id. Beres and Delaney appear to be proceeding pro se, but neither has properly identified his status, and the court reminds both plaintiffs that Beres, as a pro se party, cannot represent Delaney in this case.

included in the complaint filed in Florida state court.  HC2, Inc. v. Delaney, 20-cv-3178-LJL (S.D.N.Y. filed Apr. 22, 2020) ("HC2 case").  HC2 alleged that Delaney tried to coerce HC2, Toyota, and WilmerHale to pay him a large amount of money to avoid public disclosure of Toyota's information and sought injunctive relief against him, which was denied.  Doc. no. 10-3, at 5.  The Honorable Lewis J. Liman presided in that case.  Id.

Delaney filed for bankruptcy relief on December 23, 2020, in the Eastern District of New York.  In re Andrew Delaney, 20-bk-44372-JMM.  Thereafter, the plaintiffs in the HC2 case substituted the bankruptcy trustee as the defendant in place of Delaney.  HC2, 20-cv-3178, at doc. no. 144.  Despite no longer being a party in the case, Delaney moved for Judge Liman to recuse himself, arguing that the judge was biased against him. HC2 case, doc. nos. 159, 160, 161.  Because Delaney was no longer a party, his motions had no effect.  Id., doc. no. 165. That case remains stayed because of Delaney's pending bankruptcy proceedings.  Id., doc. no. 188 (dated Dec. 30, 2024).

RELX owns PMI, which publishes Law360, an internet legal news service.  Law360 published articles about the HC2 case between December 20, 2021, and January 6, 2023.  Delaney and Beres filed defamation lawsuits against PMI and RELX, based upon statements published in the articles.

The first defamation suit was filed in federal court in the Southern District of Florida on February 10, 2022, challenging eight statements in four of the Law360 articles as defamatory. When defendants moved to dismiss the claims, Delaney and Beres voluntarily dismissed the suit without prejudice.  A year later, however, Delaney and Beres filed an identical complaint in Florida state court, and, again, when defendants moved to dismiss, Delaney and Beres voluntarily dismissed the suit. Several months later, Delaney and Beres filed a third suit in Florida state court, alleging defamation based on the same statements as well as three additional statements in new Law360 articles.  And, once again, when defendants moved to dismiss, Delaney and Beres filed a notice of voluntary dismissal.  Doc. no 10-4 at 2-4.

Delaney then filed a defamation complaint in Minnesota state court, challenging the same eight statements that were raised in the third case (the second Florida state court suit). The Minnesota court granted defendants' motion to dismiss based on forum non conveniens.  The Minnesota court, alternatively, granted the motion to dismiss the defamation claims on the merits and dismissed the claims with prejudice.  Doc. no. 10-4, at 4.

After that case was dismissed, Delaney filed a new action in the Supreme Court of the State of New York, New York County,

4

again alleging that defendants defamed him.  That court
dismissed with prejudice Delaney's claims based on all but two
of the eight challenged statements.  The court also dismissed
all claims against RELX.

Several months later, Beres filed yet another defamation
case in state court (in New Hampshire, Rockingham County
Superior Court) against RELX and PMI.  Defendants removed that
case to this federal court, based on diversity of citizenship,
28 U.S.C. § 1332.  Beres then filed an amended complaint in
which he added Delaney as a plaintiff, along with additional
allegations of defamatory statements.  In the amended complaint,
Beres and Delaney allege that the following statements published
by defendants are false and defamatory:

**Statement 1:** "A former WilmerHale document reviewer said
U.S. District Judge Lewis J. Liman should be disqualified from
overseeing a Southern District of New York suit that accuses him
of extorting his former law firm because of the judge's alleged
previous employment there."

**Statement 2:** "Toyota and the Thai Judge Bribery Scandal."

**Statement 3:** "The disclosure came the same month that a
former WilmerHale temp, Andrew Delaney, sued Toyota in a Florida
state court, claiming it was engaged in a cover-up of alleged
corruption in Thailand."

**Statement 4:** "Agency Pans Ex-WilmerHale Temp's DQ Bid in Extortion Case."

**Statement 5:** "HC2 sued Delaney, who'd worked on a Toyota matter as a Thai language reviewer for WilmerHale via a staffing agency, for allegedly trying to extort $450,000 from the company, WilmerHale and the car maker, and for allegedly revealing Toyota's sensitive company information in a Florida lawsuit after they failed to pay up."

**Statements 6:** "Court Rejects Recusal Bid in WilmerHale Extortion Suit."

**Statement 7:** "A New York federal district court said Thursday that it would not recuse itself in a suit against a former WilmerHale document reviewer that accuses him of extorting the law firm...."

**Statement 8:** "While it is unclear exactly why the two firms were involved in the matter, the same month Toyota disclosed the purported misconduct, a temporary member of the WilmerHale review team sued Toyota in Florida state court, alleging the company was engaged in a cover-up of corruption in Thailand. The claims by attorney, document reviewer and Thai translator Andrew Delaney sparked lengthy and acrimonious litigation across multiple jurisdictions that remains unresolved. Delaney withdrew the Florida complaint, but other lawsuits are pending....  The Delaney lawsuit could have an

impact on whether the U.S. government considers Toyota's
disclosure voluntary, experts noted. If prosecutors find that
Delaney's suit forced Toyota to disclose the suspected bribery,
then the company may not get credit for a voluntary disclosure -
and lose a 50% fine reduction and a chance to avoid
prosecution."

 **Statement 9:** "Toyota appealed the tax judgment to
Thailand's Supreme Court in late December 2019...."

 **Statement 10:** "The settlement laid to rest claims Delaney
filed against the firm alleging Sullivan & Cromwell acted
unethically in a $56.2 million arbitration with Laos,
allegedly costing the attorney millions of dollars in fees
dating back to 2017."

 **Statement 11:** "The case pending before the New York County
Supreme Court is just one of the challenges Delaney has
'repeatedly and unsuccessfully' launched in an effort to ax
the settlement, Sullivan & Cromwell said."

Discussion

 The motions to remand and to sever address the court's
subject matter jurisdiction.  Federal district courts have
subject matter jurisdiction under § 1332(a) in suits "between
'citizens of different States' whose dispute involves more than
a stated sum (the so-called amount-in-controversy)."  Royal

Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 26 (2025).
"United States citizens who are domiciled abroad are citizens of
no state; their '"stateless" status destroy[s] complete
diversity under § 1332(a)(3), and [their] United States
citizenship destroy[s] complete diversity under § 1332(a)(2)."
D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661
F.3d 124, 126 (1st Cir. 2011) (quoting Newman-Green, Inc. v.
Alfonzo-Larrain, 490 U.S. 826, 829 (1989)).

       The parties agree that because Delaney is a United States
citizen who resides in the Philippines, he is "stateless" for
purposes of diversity jurisdiction under § 1332(a).  For that
reason, adding Delaney as a plaintiff in the amended complaint
would have the effect of destroying diversity jurisdiction.
Beres and Delaney move to remand the case to state court based
on a lack of subject matter jurisdiction.  Defendants move to
sever Delaney from this case, under Federal Rule of Civil
Procedure 21, to restore diversity jurisdiction.

       A.  Motion to Sever

       "Dismissal of a nondiverse dispensable party has long been
recognized as a way to cure a jurisdictional defect and Rule 21
explicitly vests district courts with authority to allow a
dispensable non-diverse party to be dropped at any time."  Cason
v. Puerto Rico Elec. Power Auth., 770 F.3d 971, 977 (1st Cir.
2014) (citing Newman-Green, 490 U.S. at 832-838).  Determining

whether a party is dispensable and severable from a case or indispensable and not severable requires a two-step analysis under Federal Rule of Civil Procedure 19.  United States v. San Juan Bay Marina, 239 F.3d 400, 405 (1st Cir. 2001).  The court first determines whether the person is a required party because "in that person's absence, the court cannot accord complete relief among existing parties," or "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . impede or impair the person's ability to protect the interest . . . or leave an existing party subject to . . . inconsistent obligations . . . ."  Fed. R. Civ. P. 19(a). Second, if the person is a required party, the court must decide "whether in equity and good conscience, the action should proceed among the existing parties," without the required party, based on a variety of factors.  Fed. R. Civ. P. 19(b). Defendants, as the parties that removed the case from state court and the parties moving to sever to preserve jurisdiction, bear the burden of showing that Delaney is a dispensable party who may be severed from the case.  AC Ocean Walk, LLC v. Investors Bancorp, Inc., 2023 WL 8802531, at *7 (D.N.J. Dec. 20, 2023); Second State Enters., Inc. v. Mid-Atlantic Inv., LLC, 2014 WL 4091846, at *3 & n.1 (M.D. Pa. Aug. 18, 2014).

In support of their motion, defendants assert first that Delaney is not a required party because, after initially proceeding jointly in their defamation cases, more recently he and Beres have pursued their claims separately in different courts, thereby demonstrating that neither is an indispensable party to the other's claims. Delaney, proceeding alone, continues to litigate defamation claims against the same defendants in New York state court. Defendants contend that Delaney is not indispensable under the Rule 19(b) factors because plaintiffs' own choice to maintain separate suits persuasively demonstrates a lack of prejudice if they proceed separately. Defendants claim no prejudice to them if Delaney were severed from this case.[3] Defendants also contend that both Beres and Delaney have adequate remedies available to them.

In response, plaintiffs argue that Delaney "is not an irrelevant party . . . [and] [h]is participation will not create delays and confusion." Doc. no. 13, at 2. They also argue that Delaney is indispensable because the eleven alleged defamatory statements involve or refer to him.

---

[3] For purposes of the Rule 19(b) factors, defendants appear to suggest a severance of the claims in the case (rather than dropping Delaney as a party) so that part of the case, Delaney's claims, could be remanded to state court. That does not appear to be the relief defendants request in their motion, where they ask that the court drop Delaney from the case, and the court declines to venture into the possibility of severing claims.

Recall that Delaney is currently pursuing a separate
defamation case in New York, without Beres, in which the court
has dismissed all but two of his claims.  Delaney has not shown
that he could or should be permitted to raise or relitigate
claims here that he either could have but did not bring in the
New York case or that have been dismissed there.  Defendants
contend that Delaney has an adequate remedy in his parallel New
York litigation, and, for that reason, he is not necessary in
this case.  Plaintiffs have not countered defendants' showing or
established that Delaney's available remedies in the New York
case are inadequate.

In addition, even if Delaney could show that he would be
prejudiced if dropped from this case, Rule 19 provides several
means to lessen or avoid prejudice.  Fed. R. Civ. P. 19(b)(2).
Among the suggested remedies, the court can shape the relief
awarded and include protective provisions in a judgment.  Id.
Plaintiffs, however, did not address the possible remedies to
avoid prejudice, and the court will not speculate at this stage
about which, if any, remedies under Rule 19(b)(2) might be
appropriate.

B.  Motion to Remand

Plaintiffs moved to remand the case to state court on the
ground that subject matter jurisdiction was lacking after
Delaney was added to the case.  With Delaney dropped from the

case, his stateless status has no bearing on diversity
jurisdiction.

In his reply to defendants' objection, Beres challenges
defendants' statement of diversity jurisdiction in the notice of
removal.  This is a new issue that is not properly raised for
the first time in a reply.  See Sevelitte v. Guardian Life Ins.
Co. of Am., 123 F.4th 53, 61 n.7 (1st Cir. 2024); In re Moveit
Customer Data Security Breach Litig., 2024 WL 5099823, at *6 (D.
Mass. Dec. 12, 2024); Frese v. MacDonald, 512 F. Supp. 3d 373,
290 (D.N.H. 2021).  The issue is also not sufficiently raised or
supported to allow the court to address and resolve the matter.
See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990);
accord New York v. Trump, --- F. 4th ---, 2025 WL 914788, at *14
(1st Cir. Mar. 26, 2025).  To the extent Beres has a good faith
basis to challenge diversity jurisdiction based on his
citizenship at the time of filing or the amount in controversy,
he may raise the issue in a separate motion to remand based on
the absence of diversity jurisdiction.[4]  See 28 U.S.C. § 1447(c).

---

[4] In the original state court complaint, Beres alleged that
he resided at an address in Melbourne, Florida, and that the
defendants were Delaware and New York corporations, which
supports diversity.  He claimed damages in the amount of
$10,000,000. Doc. no. 1-1.  Although Beres faults defendants'
notice of removal, which relied on his allegations, it is far
from clear whether he asserts that diversity jurisdiction does
not exist (even in the absence of Delaney).

Conclusion

For these reasons, defendants' motion to sever (doc. no. 9) is granted.  Andrew Delaney is no longer a plaintiff in the case.  Plaintiffs' motion to remand (doc. no. 7) is denied. Defendants' motion for leave to file a reply (doc. no. 21) is granted and the reply was considered.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

April 1, 2025

cc:  Christopher Beres, pro se
     Andrew Delaney, pro se
     Counsel of Record