IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| CHRISTOPHER BERES,<br><br>              Plaintiff,<br><br>v.<br><br>RELX Inc. d/b/a LEXIS NEXIS USA and PORTFOLIO MEDIA, INC.,<br><br>              Defendants. | Case No. 1:25-cv-00079-SM-AJ |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONVERT NOTICE OF VOLUNTARY WITHDRAWAL INTO DISMISSAL WITH PREJUDICE AND FOR ATTORNEYS' FEES**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 3

ARGUMENT .............................................................................................................................. 5

I. RULE 41(A)(1)(B) REQUIRES DISMISSAL OF THIS ACTION WITH PREJUDICE . 5

II. THE COURT SHOULD DENY DISMISSAL WITHOUT PREJUDICE IN ITS DISCRETION ................................................................................................................. 7

III. DEFENDANTS SHOULD BE AWARDED ATTORNEYS' FEES ............................. 10

CONCLUSION ......................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Colon-Cabrera v. Esso Standard Oil Co. P.R.*,
    723 F.3d 82 (1st Cir. 2013)......................................................................................7, 8

*Cooter & Gell v. Hartmax Corp.*,
    496 U.S. 384 (1990).......................................................................................................5

*Cosme Nieves v. Deshler*,
    826 F.2d 1 (1st Cir. 1987)............................................................................................7

*Enlace Mercantil Internacional, Inc. v. Senior Industries, Inc.*,
    848 F.2d 315 (1st Cir. 1988)........................................................................................7

*Grover by Grover v. Eli Lilly & Co.*,
    33 F.3d 716 (6th Cir. 1994) .........................................................................................7

*In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*,
    628 F.3d 157 (5th Cir. 2010) .......................................................................................8

*Kemeh v. Silvestri*,
    2022 U.S. App. LEXIS 36758 (1st Cir. Dec. 12, 2022) ............................................5

*Manze v. State Farm Ins. Co.*,
    817 F.2d 1062 (3d Cir. 1987).......................................................................................5

*Mee H. Jung v. Deutsche Bank Nat'l Tr. Co.*,
    2017 U.S. Dist. LEXIS 218537 (D.R.I. Sep. 26, 2017)..............................................6

*Orman v. CitiMortgage*,
    2016 U.S. Dist. LEXIS 53647 (E.D. Pa. Apr.21, 2016) ............................................5

*Pomales v. Celulares Telefonica, Inc.*,
    342 F.3d 44 (1st Cir. 2003).........................................................................................7

*Ruiz v. Alegria*,
    896 F.2d 645 (1st Cir. 1990)........................................................................................7

**State Cases**

*DiMinico v. Centennial Estates Coop.*,
    173 N.H. 150 (2020) ...................................................................................................10

*Keenan v. Fearon*,
    130 N.H. 494 (1988) ...................................................................................................10

iii

**State Statutes**

N.Y. Civ. Rights Law § 70-a ..................................................................................................10, 11

**Rules**

Fed. R. Civ. P. 12 ................................................................................................................. *passim*

Fed. R. Civ. P. 41 ................................................................................................................. *passim*

Defendants RELX Inc. and Portfolio Media, Inc. (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion in response to the notice of voluntary dismissal filed by plaintiff Christopher Beres ("Beres") on April 2, 2025. Dkt. 30 (the "NVD"). Through this motion, Defendants seek an order dismissing this action with prejudice and for attorneys' fees. In support thereof, Defendants state as follows:

## PRELIMINARY STATEMENT

Under the Rule 41(a)(1)(B) two-dismissal rule, Beres' latest NVD "operates as an adjudication on the merits" in Defendants' favor and requires dismissal of this entire action with prejudice. *Id.* There is nothing unfair or unexpected about this result. In an act of incorrigible gamesmanship, Beres seeks to withdraw this defamation action without prejudice so that he can refile the same doomed claims in state court. This vexatious intent is clear from the procedural context. Beres signed the NVD the day after this Court issued an order dropping Andrew Delaney ("Delaney") from this action to preserve diversity jurisdiction over Beres for the purpose of deciding Defendants' pending 12(b)(6) Motion to Dismiss. Dkts. 29, 30. Beres now seeks to circumvent adverse rulings from this Court by withdrawing and refiling his claims in state court with Delaney as a co-plaintiff – which would defeat diversity jurisdiction given Delaney's status as a U.S. citizen resident abroad.

The two-dismissal rule was created to prevent precisely this bait-and-switch maneuver, and it requires dismissal of this action *with* prejudice because Beres previously filed multiple notices withdrawing the same defamation claims he seeks to withdraw here. More specifically, Beres previously filed and withdrew three Florida actions based on the same core of five allegedly defamatory statements that he raises here in New Hampshire.[1] Remarkably, Beres – a lawyer – asks this Court to dismiss this action without prejudice even though a court in Florida has already held that the two-dismissal rule precludes the relief he seeks and requires dismissal with prejudice.

---

[1] These five statements appear in three *Law360* articles dated December 20, 2021, January 4, 2022 and January 6, 2022 and are identified as Statements 1, 4-7 in Beres' First Amended Complaint (the "Five Precluded Statements"). *See* Dkt. 6, ¶¶ 19-27. The First Amended Complaint ("FAC") also alleges defamation based on six additional statements identified in the FAC as Statements 2-3, 8-11. *See id*. ¶¶ 21-22, 27-30.

As Judge Blaue recognized in the second Florida action, Beres' "voluntary dismissal of [that] action operates as an adjudication of the Complaint on the merits, and dismissal with prejudice, because it was Plaintiffs' second voluntary dismissal of substantively identical claims against Defendants." Dkt. 11, Ex. K at ¶ 12. The same outcome is required here. Under the Rule 41(a)(1)(B) two-dismissal rule, Beres' filing of yet another NVD in this action functions as an adjudication on the merits in Defendants' favor and requires dismissal with prejudice.[2] (*See* POINT I, *infra*.)

Independent of the two-dismissal rule, this Court should exercise its discretion to dismiss this action with prejudice in light of Beres' long history of vexatious and abusive litigation conduct. Beres and his sometime co-plaintiff Delaney have collectively filed six lawsuits based on the Five Precluded Statements in four different states. These claims have already been dismissed with prejudice three times by courts in three different states. As noted above, Judge Blaue held that the two-dismissal rule required dismissal of claims based on the Five Precluded Statements with prejudice. Then, when Delaney refiled claims based on the Five Precluded Statements in Minnesota, the Minnesota judge granted dismissal with prejudice again under the two-dismissal rule and warned him that "[j]ustice is not served by allowing this game of whack-a-mole to continue." Dkt. 11, Ex. Q at 15. Still undeterred, Delaney refiled claims based on the exact same Five Precluded Statements in New York, where they were dismissed with prejudice for a third time. 11, Ex. T at 13. Enough is enough. Dismissal with prejudice is necessary to prevent Beres and Delaney from refiling these doomed claims in New Hampshire state court or anywhere else. (*See* POINT II, *infra*.)

Finally, Defendants should be awarded the attorneys' fees they have incurred in defending themselves against this vexatious action. Defendants moved for attorneys' fees as part of their pending 12(b)(6) Motion to Dismiss and incorporate that motion by reference here. *See* Dkt. 11-

---

[2] The Minnesota and New York courts declined to dismiss Delaney's defamation claims based on two statements not included in the Five Precluded Statements, but those additional two statements are not at issue in this action and are subject to a pending anti-SLAPP motion in New York. *See* Dkt. 11, Ex. Q; *Id.*, Ex. T; *Id.* Ex. S, Doc. 46.

2

1 at 25. The Court has inherent authority to award attorneys' fees to penalize Beres for his vexatious conduct and compensate Defendants – and it should exercise that authority here given Beres' clear and egregious misconduct. As the prevailing parties in this action, Defendants are also entitled to an award of attorneys' fees under New York's anti-SLAPP statute for the reasons set forth in their dismissal motion. Indeed, Judge Blaue awarded Defendants attorneys' fees under Florida's anti-SLAPP statute in virtually identical circumstances and the same result should apply here to discourage future misconduct. (*See* POINT III, *infra*.)

## STATEMENT OF FACTS

In their 12(b)(6) dismissal motion, Defendants set forth the long and torturous history of the six duplicative lawsuits Beres and Delaney have filed against them in Florida, Minnesota, New York and here in New Hampshire. *See* Dkt. 11-1 at 5-11. The relevant facts for this Motion can be summarized as follows:

Before filing this action in New Hampshire, Beres filed and voluntarily dismissed three actions based on the Five Precluded Statements in Florida. On February 10, 2022, Beres and Delaney filed their first action in federal court and voluntarily dismissed it without prejudice on May 23, 2022 – approximately six weeks after Defendants filed their motion to dismiss but before a decision could be issued on the merits. *Id*. at 5. Beres and Delaney refiled their action in Florida state court on February 21, 2023. *Id*. at 6. Defendants moved to dismiss once again and, while that dismissal motion was pending, Beres filed two notices of voluntary dismissal – one on April 3, 2023 and another on October 27, 2023. Dkt. 11, Exs. I-J; *Id.* Ex. H, Docs. 17, 51. Beres and Delaney filed a second Florida state court action on July 18, 2023, and Defendants filed yet another motion to dismiss, which was still pending when Beres filed three notices of voluntary withdrawal without prejudice – one on October 16, 2023, another on October 21, 2023, and the third on January 12, 2024. *See* Dkt. 11, Ex. M at Docs. 28-29, 33. In sum, Beres has filed a total of six notices voluntarily withdrawing claims based on the Five Precluded Statements while Defendants had motions to dismiss pending.

3

On December 12, 2023, in the first Florida state court action (the second overall), Judge Blaue held that Beres' "voluntary dismissal of this action operates as an adjudication of the Complaint on the merits, and dismissal with prejudice, because it was Plaintiffs' second voluntary dismissal of substantively identical claims against Defendants." Dkt. 11, Ex. K ¶ 12. Judge Blaue also awarded Defendants their attorneys' fees under Florida's anti-SLAPP law. *Id.* ¶ 17.[3] Nevertheless, proceeding as a solo-plaintiff, Delaney commenced two more defamation actions based on the Five Precluded Statements in Minnesota and New York – but those claims were dismissed under the two-dismissal rule and/or *res judicata*. *See* Dkt. 11, Ex. Q; Dkt. 11, Ex. T. The Minnesota court explicitly warned Delaney that "[j]ustice is not served by allowing this game of whack-a-mole to continue." Dkt. 11, Ex. Q at 15.

On January 3, 2025, Beres commenced this action in Rockingham County Superior Court. His initial complaint consisted exclusively of defamation claims based on the Five Precluded Statements. Dkt. 1-1. Defendants removed the initial complaint to this Court on February 21, 2025. Dkt. 1. On February 25, 2025, Beres added Delaney as a co-plaintiff to defeat diversity jurisdiction and they filed the First Amended Complaint based on the Five Precluded Statements and six additional statements from four *Law360* articles published between January 3, 2022 and June 29, 2023. Dkt. 6. Beres and Delaney simultaneously moved to remand this action to state court. Dkt. 7. On March 11, 2025, Defendants cross-moved for an order dropping Delaney as a party to preserve diversity jurisdiction over Beres and then, on March 12, 2025, Defendants filed a 12(b)(6) Motion to Dismiss for Failure to State a Claim. Dkts. 8, 11. The 12(b)(6) Motion to Dismiss is fully briefed – Beres filed his opposition on March 19, 2025 and Defendants filed their reply on March 26, 2025. *See* Dkts. 19, 26.

On April 1, 2025, this Court denied Plaintiffs' Motion to Remand and dropped Delaney as a party to this action. Dkt. 29. In reaching this decision, the Court noted that "Delaney has not shown that he could or should be permitted to raise or relitigate claims here that he either could

---

[3] Beres and Delaney appealed the award of attorneys' fees up to the Florida Supreme Court, but these appeals were denied and a hearing before the trial court is set for May 8, 2025 to determine the amount of fees owed.

4

have but did not bring in the New York case or that have been dismissed there." *Id*. at 10. On April 2, 2025 – one day after Delaney was dropped from the case and while Defendants' 12(b)(6) fully-briefed dismissal motion was still pending – Beres signed his seventh NVD seeking to dismiss claims based on the Five Precluded Statements without prejudice. Dkt. 30. The NVD was entered on the docket on April 3, 2025. For the reasons set forth below, the Court should dismiss this action with prejudice and award Defendants their attorneys' fees.

## ARGUMENT

### I. RULE 41(A)(1)(B) REQUIRES DISMISSAL OF THIS ACTION WITH PREJUDICE

Federal Rule of Civil Procedure 41(a)(1)(B) requires dismissal of this action with prejudice. That Rule states that dismissal pursuant to a pre-answer notice of voluntary dismissal is without prejudice *unless* the "plaintiff previously dismissed any federal- or state-court action based on or including the same claim." Fed. R. Civ. P. 41(a)(1)(B). If the plaintiff has voluntarily dismissed an action "based on or including the same claim," the "notice of dismissal operates as an adjudication on the merits" that requires dismissal with prejudice. *Id*. *See also Kemeh v. Silvestri*, 2022 U.S. App. LEXIS 36758, at *1-2 (1st Cir. Dec. 12, 2022) ("We add that Kemeh's claims against at least the Quinsigamond Defendants are barred by Federal Rule of Civil Procedure 41(a)(1)(B)'s 'two-dismissal rule' because Kemeh voluntarily dismissed via notice two prior civil actions against those defendants that arose from the same events'"). "Application of the Two Dismissal Rule is not discretionary, and it must be strictly construed." *Orman v. CitiMortgage*, 2016 U.S. Dist. LEXIS 53647, at *11 (E.D. Pa. Apr. 21, 2016) (citing *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1066 (3d Cir. 1987)). Moreover, as the Supreme Court has explained, the purpose of the Rule 41(a)(1)(B) two-dismissal rule is "to eliminate the annoying of a defendant by being summoned into court in successive actions and then, if no settlement is arrived at, requiring him to permit the action to be dismissed and another one commenced at leisure." *Id*. at 18 (quoting *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 397 (1990)). In other words, the two-dismissal rule is "'aimed at curbing abuses of the judicial system' by preventing a serial plaintiff from

5

harassing a defendant through serial and vexatious litigation." *Id*. (quoting *Cooter & Gell*, 496 U.S. at 398).

Here, Beres' multiple notices of voluntary dismissal in Florida trigger the two-dismissal rule and require dismissal of this action with prejudice. There can be no dispute that Beres voluntarily dismissed three defamation suits based primarily on the same Five Precluded Statements – the Federal Florida Action, the First Florida Action, and the Second Florida Action. *See* Dkt. 11, Exs. F-J; Dkt. 11-1 at 12-13. Courts in Florida, Minnesota, and New York have uniformly recognized that the filing of multiple notices withdrawing claims based on the Five Precluded Statements results in dismissal with prejudice. When Beres sought to dismiss the First Florida Action without prejudice, for instance, Judge Blaue held that the Florida two-dismissal rule (which is functionally identical to Fed. R. Civ. P. 41(a)(1)(B)) required dismissal with prejudice because "it was Plaintiffs' second voluntary dismissal of substantively identical claims against Defendants." *See* Dkt 11, Ex. K, ¶ 12. Courts in Minnesota and New York reinforced the soundness of that decision by dismissing Delaney's refiled claims based on the Five Precluded Statements under the two-dismissal rule and/or *res judicata*. *See* Dkt. 11, Exs. Q, T. Rule 41(a)(1)(B) requires the same result here – *i.e.*, Beres' filing of yet another NVD to evade Defendants' pending motion to dismiss requires dismissal of the FAC with prejudice.

Beres cannot avoid dismissal with prejudice by arguing that his claims based on the six FAC Statements are exempt from the two-dismissal rule. This is because the "two-dismissal" rule applies to previously dismissed actions "based on or including the same claim" as the subsequently pending action. Fed. R. Civ. P. 41(a)(1)(B). "The relevant inquiry is not whether the claims identified in the various complaints match up exactly, but whether the two suits arise from the same transactional nucleus of facts such that the claims pleaded are all grounds for recovery which could have been asserted, *whether they were or not*, in a prior suit between the same parties." *Mee H. Jung v. Deutsche Bank Nat'l Tr. Co.*, 2017 U.S. Dist. LEXIS 218537, at *5-6 (D.R.I. Sep. 26, 2017) (citations omitted) (emphasis added). It is undisputed that all four of the defamation actions Beres filed against Defendants, including this one, were "based on or include[e]" defamation

6

claims arising from the Five Precluded Statements. Dkt. 11, Exs. D ¶¶ 21-26, G ¶¶ 24-29, L ¶¶ 30-44; FAC.  Moreover, when Beres filed the Second Florida suit on July 18, 2023, he could have included defamation claims based on the FAC Statements because the four articles containing those statements had already been published between January 3, 2022 and June 29, 2023.  *See* FAC Ex. A; Dkt. 11, Ex. M.  Since that time, Beres filed three notices of voluntary dismissal of the Second Florida Action (on October 16, 2023, October 21, 2023, and January 12, 2024) and a fourth NVD in this action.  Dkt. 11, Ex. M, Docs. 25, 29, 33.  Since Beres could have asserted claims based on the FAC Statements in the Second Florida Action, in addition to his claims based on the Five Precluded Statements, the two-dismissal rule applies across the board and requires dismissal of this entire action with prejudice.  For the same reasons, the two-dismissal rule covers Beres' intentional infliction of emotional distress and conspiracy claims – which he also could have brought in the Florida actions but failed to do so.

**II.   THE COURT SHOULD DENY DISMISSAL WITHOUT PREJUDICE IN ITS DISCRETION**

Independent of the two-dismissal rule, which requires dismissal with prejudice, this Court has discretion to dismiss the FAC with prejudice in light of Beres' vexatious litigation conduct and his claims' total lack of merit.  "Voluntary dismissal under Rule 41(a)(2) is conditioned on court permission 'to protect the nonmovant from unfair treatment.'"  *Colon-Cabrera v. Esso Standard Oil Co. P.R.*, 723 F.3d 82, 88 (1st Cir. 2013) (quoting *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).  *See also Pomales v. Celulares Telefonica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003) ("We do not doubt that district courts possess the power to order dismissal with prejudice in appropriate cases…").  Accordingly, dismissal with prejudice is a proper method of redress "when a plaintiff's conduct has been extreme." *See Ruiz v. Alegria*, 896 F.2d 645, 647 (1st Cir. 1990).  A finding of extreme misconduct is warranted due to "disobedience of court orders, ignorance of warnings, contumacious conduct . . ." or some other aggravating circumstance such as "prejudice to the defendant, glaring weaknesses in the plaintiff's case, and the wasteful expenditure of a significant amount of the district court's time." *Id.* at 648 (quoting *Cosme Nieves*

7

*v. Deshler*, 826 F.2d 1, 2 (1st Cir. 1987) and *Enlace Mercantil Internacional, Inc. v. Senior Industries, Inc.*, 848 F.2d 315, 317 (1st Cir. 1988)). In considering whether a voluntary dismissal without prejudice should be granted it is also "appropriate to consider whether 'a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling.'" *Colon-Cabrera,* 723 F.3d at 88 (quoting *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010)).

Here, Beres has engaged in extreme litigation misconduct that justifies dismissal with prejudice. This is the fourth largely duplicative defamation action that Beres has filed against Defendants in two different states. In the first three actions, Beres voluntarily dismissed his claims while Defendants' motions to dismiss were pending so that he could refile elsewhere to start the litigation process over again. In response to this clear gamesmanship, Judge Blaue dismissed the First Florida Action with prejudice under the two-dismissal rule. Dkt. 11, Ex. K, ¶¶ 12-13. And yet, in flagrant disregard of this order, Beres refiled the same defamation claims based on the Five Precluded Statements here in New Hampshire. *See* FAC ¶¶ 22-30. Making matters worse, he refiled those claims after his erstwhile co-plaintiff Delaney had identical claims based on the Five Precluded Statements dismissed with prejudice in Minnesota and New York. Then, to retaliate against removal of this action to federal court, Beres added Delaney as a plaintiff to this action in a cynical ploy to destroy diversity jurisdiction. *See* FAC. Beres has also claimed to be a New Hampshire resident although the address he has provided corresponds to a nail salon in a strip mall to which mail from this Court could not be delivered. *See* Dkts. 17, 25-1, ¶ 3. Beres then wasted even more judicial resources by opposing Defendants' routine *pro hac vice* applications and filing briefs rife with baseless allegations that undersigned counsel "lack ethics and lie and make false statements to the courts all the time." Dkt. 24, ¶ 5. Finally, Beres signed his latest NVD the day after this Court issued its adverse ruling dropping Delaney and sought dismissal without prejudice in a clear bid to thwart this Court's decision and derail Defendants' pending 12(b)(6) Motion to Dismiss. This bait-and-switch maneuver is made all the more vexatious by the fact that Beres did the same thing in all three of his prior Florida actions and will surely try again if he is given latitude

to refile once more. To prevent Beres from repeating this vicious cycle *ad infinitum*, this Court should dismiss this entire action with prejudice.

In addition, Beres' substantive claims are clearly without merit and ripe for dismissal with prejudice pursuant to Defendants' pending Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim. Dkt. 11. For all the reasons set forth above, the defamation claims based on the Five Precluded Statements are doomed to dismissal under the two-dismissal rule and/or the doctrine of *res judicata*. *See also* Dkt. 11-1 at 12-14. These defamation claims also fail under New York's fair report privilege and, with respect to Statement 1, New Hampshire's statute of limitations. *Id*. at 11-12, 14-19. Beres' claims based on the six FAC Statements are similarly infirm. The claims based on Statements 2 and 3 are time-barred because they were published in a January 3, 2022 *Law360* article – which is more than three years before Beres filed the FAC on February 25, 2025. *Id.* at 20. None of the FAC Statements mention Beres directly or by implication, which requires dismissal for lack of a defamatory statement that is "of and concerning" Beres. *Id*. at 10, 23. The FAC Statements should also be dismissed because they are protected by New York's fair report privilege, because they are not defamatory of Beres and because they are substantially true. *Id*. at 20-22. Each of these defects is fatal and, separately or in combination, require dismissal of the defamation claims based on the FAC Statements. Beres' tag-along claim for intentional infliction of emotional distress should be dismissed as duplicative (*id*. at 23-24) and his conspiracy claim fails both because New York law does not recognize that tort and because Beres failed to plausibly allege facts capable of establishing a conspiracy. *Id*. at 24. Finally, RELX, Inc. is not a proper party to this action because it is merely the parent company of Portfolio Media, Inc., the publisher of *Law360*, and the law is clear that parent companies are not liable for statements made by their subsidiaries – as a New York court has already recognized in a decision dismissing RELX, Inc. from Delaney's New York action. *Id*. at 24-25.

In sum, Beres' claims are without merit and his vexatious litigation conduct – epitomized by his repeated withdrawal of claims to avoid dismissal on the merits – justifies dismissal with prejudice.

9

## III.    DEFENDANTS SHOULD BE AWARDED ATTORNEYS' FEES

This Court has the inherent power to award Defendants their attorneys' fees given Beres' incorrigibly vexatious litigation conduct. Where a party engages in vexatious conduct or engages in litigation in bad faith, a court may properly compensate the opposing party via an award of attorney's fees. *See Keenan v. Fearon*, 130 N.H. 494, 502 (1988) (power to award sanctions "rests . . . on the essential judicial power to get the judicial job done once and for all . . . [and] the power subsumed under equity jurisdiction to compensate a party for his [or her] opponent's unreasonableness in prolonging unnecessary litigation"); *DiMinico v. Centennial Estates Coop.*, 173 N.H. 150, 160 (2020) (finding that "[a]n award of attorney's fees 'is appropriate when one party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, when the litigant's conduct can be characterized as unreasonably obdurate or obstinate, and when it should have been unnecessary for the successful party to have brought the action.'"). In light of Beres' egregious misconduct (*see supra* 2-5, 8-9), an award of attorney's fees to Defendants is justified here as recompense for the fees they have been forced to expend defending themselves against this meritless action (the sixth overall) and to deter future abuse.

As detailed in Defendants' motion to dismiss, Defendants are also entitled to attorneys' fees under New York's anti-SLAPP statute – which is a substantive provision that applies under the correct choice of law analysis set forth in Defendants' 12(b)(6) Motion to Dismiss. *See* Dkt. 11-1 at 14-16. As a threshold matter, Judge Blaue applied Florida's equivalent anti-SLAPP statute to award Defendants their fees in an identical situation – *i.e.*, after Beres voluntarily withdrew his claim in violation of the two-dismissal rule. *See* Dkt. 11, Ex. K ¶¶ 15-17. The same basic analysis requires a fee award here. Under New York's anti-SLAPP law, courts automatically award fees to Defendants who prevail against meritless defamation claims based on publications addressing matters of public interest. *See* N.Y. Civ. Rights Law § 70-a(1)(a) ("[C]osts and attorney's fees shall be recovered upon a demonstration that the action … was commenced or continued without a substantial basis in fact and law…."). As Judge Blaue previously held, the statements in suit were all published as part of news articles about judicial proceedings that are plainly matters of

10

public interest. *See* Dkt. 11, Ex. K ¶ 9; *Reeves v. Associated Newspapers, Ltd.*, 232 A.D.3d 10, 19 (N.Y. App. Div. 2024) ("Matters of public interest … include judicial proceedings"). And Beres' claims lack a substantial basis in fact and law for many reasons. As set forth above, the entire action should be dismissed under the two-dismissal rule – which was one of the bases Judge Blaue gave for awarding Defendants their fees in the First Florida Action. *See id.* ¶¶ 12-14. Moreover, as set forth in Defendants' 12(b)(6) Motion to Dismiss, Beres' claims based on the Precluded Statements are variously barred by *res judicata*, the New York fair report privilege and the statute of limitations. *See* Dkt. 11-1 at 12-19. Beres' claims as to the FAC Statements are time barred, subject to the fair report privilege, substantially true, not of or concerning Beres, and/or not susceptible of a defamatory meaning. *Id.* at 19-23. Since Beres' claims lack a substantial basis in fact or law, Defendants are entitled to their attorney's fees under N.Y. Civ. Rights Law § 70-a(1).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss the FAC with prejudice, grant Defendants their attorney's fees, and award further relief as it deems just.

Dated: April 7, 2025

                Respectfully submitted,

                /s/ *Olivia F. Bensinger*
                Olivia F. Bensinger, #274145
                Shaheen & Gordon, P.A.
                107 Storrs Street
                P.O. Box 2703
                Concord, NH 03302-2703
                (603) 225-7262
                obensinger@shaheengordon.com

                -and-

                Elizabeth A. McNamara*
                John M. Browning*
                Celyra I. Myers*
                DAVIS WRIGHT TREMAINE LLP
                1251 Avenue of the Americas, 21st Floor
                New York, NY 10020-1104
                lizmcnamara@dwt.com
                jackbrowning@dwt.com

celyramyers@dwt.com  
Tel.: (212) 489-8230  
Fax: (212) 489-8340

*Pro Hac Vice*

*Attorneys for Defendants RELX Inc. and Portfolio Media, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April, 2025, I conventionally served the foregoing on all parties of record via first-class mail at the following address:

Christopher Beres  
4 Center Street  
Wolfeboro, NH 03894

/s/ *Olivia F. Bensinger*  
Olivia F. Bensinger

12