UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Beres

  v.           Case No. 25-cv-79-SM-AJ
               Opinion No. 2025 DNH 058
RELX, Inc., d/b/a
LexisNexis USA, and
Portfolio Media, Inc.


O R D E R

After multiple unsuccessful defamation suits against RELX, Inc., d/b/a LEXIS NEXIS USA, and Portfolio Media, Inc., in other courts, Christopher Beres, who is a lawyer proceeding pro se, brought the same claims in Hillsborough County (New Hampshire) Superior Court. Defendants removed the action to this court, but Beres then added Andrew Delaney as a plaintiff to destroy diversity jurisdiction and sought remand to state court. The court granted the defendants' motion to sever Delaney from the case to preserve diversity jurisdiction, and denied the plaintiffs' motion to remand. Doc. no. 29. Delaney is no longer a party in this case.

In response, Beres filed a notice of voluntary dismissal without prejudice. Doc. no. 30. Defendants move to convert Beres's notice of voluntary dismissal without prejudice to dismissal with prejudice and also seek an award of fees incurred in litigating this case. Doc. no. 31. Beres responded to the

defendants' motion by refiling his notice of voluntary dismissal but did not address the issues defendants raise. For the reasons that follow, the case is dismissed with prejudice. The defendants' request for an award of fees and costs is granted.

Standard of Review

In the circumstances presented here, a "plaintiff may dismiss an action without a court order by filing [] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Unless otherwise stated, a voluntary dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B). "But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Id. The limit on voluntary dismissal without prejudice is known as the "two-dismissal rule." García-Monagas v. De Arellano, 674 F.3d 45, 49 n.3 (1st Cir. 2012).

When the two-dismissal rule applies, the court may award defendants costs incurred in the prior suit. Fed. R. Civ. P. 41(d). A circuit split exists as to whether fees incurred in a prior suit are recoverable under Rule 41(d) as costs. Horowitz v. 148 South Emerson Associates LLC, 888 F.3d 13, 24-25 (2nd Cir. 2018). Under New Hampshire law, the court, in its

discretion, may award fees as a sanction for bad faith litigation, "to do justice and vindicate rights, as well as to discourage frivolous lawsuits." Fat Bullies Farm, LLC v. Devenport, 170 N.H. 17, 30 (2017).

Background

Delaney was employed in a temporary position at a law firm, where he worked on a project for the firm's client, Toyota, and apparently had access to confidential documents. The project was suspended during the COVID pandemic, resulting in Delaney losing his job. Delaney, through Beres, who was acting as his legal counsel, sent a demand letter to Toyota, but Toyota did not respond. In April of 2020, Beres filed a lawsuit against Toyota on Delaney's behalf in Brevard County, Florida. Beres included allegedly sensitive information about Toyota in that complaint. Delaney later dismissed the suit without prejudice.

The agency that employed Delaney and placed him in a temporary position at the law firm filed suit against Delaney in federal court in the Southern District of New York, alleging breach of contract and other claims, arising from information about Toyota that Delaney included in the complaint filed in Florida state court. That case remains stayed because of Delaney's ongoing bankruptcy proceeding.

3

Defendant RELX owns PMI, which publishes Law360, an internet legal news service. Between December 20, 2021, and January 6, 2023, Law360 published articles about the case against Delaney in the Southern District of New York. Delaney and Beres then filed a series of defamation lawsuits against PMI and RELX, based upon statements published in those articles.

The first defamation suit was filed in federal court in the Southern District of Florida on February 10, 2022, challenging eight statements in four of the Law360 articles as defamatory. When defendants moved to dismiss the claims, Delaney and Beres voluntarily dismissed the suit without prejudice. A year later, however, Delaney and Beres filed an identical complaint in Florida state court, and, again, when defendants moved to dismiss, Delaney and Beres voluntarily dismissed the suit. In that suit, the court awarded defendants fees under Florida's two-dismissal rule and Florida's Anti-SLAPP statute, because Beres and Delaney had previously dismissed the same defamation claims against the same defendants in the federal action. Several months later, Delaney and Beres, undeterred, filed a third suit in Florida state court, alleging defamation based on the same statements as well as three additional statements in new Law360 articles. And, once again, when defendants moved to dismiss, Delaney and Beres filed a notice of voluntary dismissal.

4

Delaney then filed a similar defamation complaint in Minnesota state court, and when that suit was dismissed, filed a new and similar action in New York state court. Beres filed this suit in Rockingham County Superior Court (New Hampshire) on January 3, 2025, alleging defamation against the same defendants based on many of the same claims that were previously dismissed in Florida federal and state courts, Minnesota state court, and New York state court.

## Discussion

Beres has filed a notice of voluntary dismissal of this case without prejudice. Defendants move to have the claims dismissed with prejudice and seek an award of attorneys' fees. The two issues are addressed as follows.

### A.  Dismissal With or Without Prejudice

Beres repeatedly filed the same defamation claims against the defendants named in this action and then voluntarily dismissed the claims without prejudice. As the Minnesota court wrote when dismissing Delaney's defamation claims against the same defendants: "Justice is not served by allowing this game of whack-a-mole to continue." Doc. no. 11-19, at 16. Beres's claims in this case are dismissed with prejudice under the two-dismissal rule. Fed. R. Civ. P. 41(a)(1)(B).

5

B.  Award of Fees

Defendants seek an award of the fees they have incurred in this action under New Hampshire law and, alternatively, under the New York anti-SLAPP statue (N.Y. Civ. Rights Law § 70-a(1)(a)).[1]  Under New Hampshire law, the court may award fees "when one party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, when the litigant's conduct can be characterized as unreasonably obdurate or obstinate, and when it should have been unnecessary for the successful party to have defended the action."  Short v. LaPlante, 174 N.H. 384, 392-93 2021).  Because New Hampshire law provides the relief defendants request and defendants have not shown a conflict with New York law, the court need not address the New York anti-SLAPP statute's attorneys' fees provision.  See Ortiz v. Sig Sauer, Inc., 596 F. Supp. 3d 339, 350 (D.N.H. 2022).

Beres's practice of filing multiple defamation actions against these defendants arising out of the same or similar claims and then voluntarily dismissing the actions without prejudice, only to refile the same claims, is plainly vexatious. Beres and Delaney have continued that practice here, which

---

[1] Because defendants seek their current fees, not fees incurred in any of the prior suits, Rule 41(d) does not apply.
  Referring to their motion to dismiss, defendants argue that New York provides the governing law in this case, which causes the New York anti-SLAPP statute to apply here.

6

appears to be aimed at harassing the defendants despite a demonstrated lack of merit in the claims. The harassing and vexatious conduct here included adding Delaney as a party to destroy subject matter jurisdiction in this case. That maneuver required defendants and the court to spend time and resources sorting through plaintiffs' tangled litigation history to determine that Delaney did not belong in this case. There is no doubt that Beres's litigation tactics were pursued in bad faith and were vexatious. In the interests of justice and to discourage Beres's practice of filing frivolous lawsuits, defendants are entitled to an award of fees.

Defendants did not seek a specific amount of fees or provide supporting documentation for an award.[2] For that reason, the court is unable to award fees based on the present record. Defendants will be given an opportunity to file a supplemental motion for an award of fees that addresses the amount and provides sufficient detail to allow the court to make a reasoned decision in calculating the award.

---

[2] Supporting documentation would include counsel's affidavit to address the hourly rate(s) charged and contemporaneous timesheets with sufficient detail to show the work done. See, e.g., Neal v. Omni Boston Corp., 2025 WL 942893, at *12-*14 (D. Mass. Mar. 28, 2025); Huntington Distribution Fin., Inc. v. Outdoor Performance LLC, 2024 WL 2939176, at *5-*6 (D.N.H. May 2, 2024).

Conclusion

For the foregoing reasons, the defendants' motion to convert Beres's notice of voluntary dismissal to dismissal with prejudice (doc. no. 31) is granted.

This case is dismissed with prejudice. Defendants' motions to dismiss (doc. nos. 10 & 11) are terminated as moot.

Defendants are entitled to an award of reasonable attorneys' fees incurred in this case, and, for that purpose, they shall file an appropriate motion with sufficient supporting documentation **on or before May 30, 2025**. Plaintiff shall file any appropriate response on or before **June 20, 2025.**

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

May 8, 2025

cc: Christopher Beres, pro se
    Counsel of Record